## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| United States of America, )<br>　　　　　　　　　　　　　　　　　) <br>　　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>Jesus Rodriguez,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　)  | **ORDER GRANTING APPEAL OF**<br>**MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 3:23-cr-169 |

　　　　The Government appeals the release order as to Defendant Jesus Rodriguez. Doc. 11. It argues that there are no conditions or combination of conditions for release could reasonably assure Rodriguez's appearance at future proceedings and the safety of other persons and the community. Id.  Rodriguez opposes the motion.  Doc. 17.

　　　　On September 13, 2023, Rodriguez was indicted on one count of conspiracy to possess with intent to distribute and distribute a controlled substance (Doc. 1) and an arrest warrant was issued (Doc. 3). On October 12, he was arrested. Doc. 8. On October 18, United States Magistrate Judge Jeremy D. Peterson from the Eastern District of California ordered Rodriguez be released subject to certain conditions. Doc. 13-1. This release order was stayed until October 23. Id. On October 19, the Government filed a motion for stay and appeal of the order of release, along with a brief in support. Docs. 11, 13. This Court granted the Government's motion for a stay pending review of the release order. Doc. 14.

　　　　The standard of review of a magistrate judge's pretrial release order is de novo. See 18 U.S.C. § 3145(a)(1); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). Pretrial detention is appropriate if the Government proffers clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). When a defendant is charged with "an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," a rebuttable presumption in favor of detention arises so long as probable cause supports the charge. 18 U.S.C. § 3142(e)(3)(A). "In a presumption case . . . a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

Given the penalty associated with this charge and his criminal history, Rodriguez concedes there is a rebuttable presumption of detention. Doc. 17 at 1. However, his release plan meets the burden of production required to rebut the presumption. So, the Court then turns to the following four factors to determine whether detention is appropriate: (1) the nature and circumstances of the crime; (2) the weight of the evidence; (3) the history and characteristics of the defendant, including character, family ties, employment, community ties, criminal history, and past conduct; and (4) the seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g); Abad, 350 F.3d at 797. On review, a district court may rely on evidence that the magistrate judge had on the record before it, as well as newly developed evidence. See Maull, 773 F.2d at 1484; see also United States v. Freitas, 602 F. Supp. 1283, 1293 (N.D. Cal. 1985).

First, as to the nature and circumstances of the crime, it is without question that Rodriguez is charged with a serious crime. In presuming detention in drug trafficking cases, Congress has

directed that the nature of such offenses weighs in favor of detention even where the presumption has been rebutted. See Abad, 350 F.3d at 798. The nature of the crime itself—which relates to high-level drug distribution—weighs heavily in favor of detention.

The second factor is the weight of the evidence against Rodriguez. But other than the indictment, the Court has no information concerning the allegations against Rodriguez. So, this factor is neutral.

The third factor takes into consideration the history and characteristics of Rodriguez, including his character, family ties, employment, community ties, criminal history, and past conduct. Rodriguez is twenty-five years old and has lived in California his entire life. Doc. 13-3. He owns an auto service business and is also co-owner of a barber shop. Id. He has a criminal record that reflects failures to appear for traffic court matters and a prior federal felony conviction for dealing firearms without a license. Docs. 13-2; 13-3. More recently, Rodriguez appears to have been dishonest about using the nickname "Migo" and attempted to destroy a phone alleged to contain evidence of criminal activity. Id. Given his prior convictions and untruthfulness, the Court finds this factor weighs in favor of detention.

The final factor is the seriousness of the danger to the community or to an individual. The Eighth Circuit Court of Appeals has recognized "the congressional determination that large scale drug trafficking is a serious danger to the community and . . . that either danger to the community or risk of flight is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1992) (ellipses in original) (quoting United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986)). As to risk of flight, it is notable that Rodriguez has failed to appear in other judicial proceedings. And again, he is charged with conspiracy in a drug trafficking case—a crime that raises serious community safety concerns. On these facts, the combination of conditions as set

forth by Judge Peterson will not reasonably assure Rodriguez's appearance at further proceedings in North Dakota and assure the safety of the community.

In sum and on balance, the Court finds that the four-factors ultimately weigh in favor of detention. Having reviewed the record, the appeal (Doc. 11) is **GRANTED**. The Court **ORDERS** Rodriguez detained pending trial and transported to the District of North Dakota.

**IT IS SO ORDERED**.

Dated this 28th day of November, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court